UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>GUILLERMO CRUZ LOPEZ,<br><br>Movant. | No. 2:10-cr-0373 GEB AC P<br><br><br><br>ORDER |

    On December 5, 2013, respondent filed a motion to dismiss the amended motion to vacate, set aside, or correct movant's sentence pursuant to 28 U.S.C. § 2255, or, in the alternative, for summary judgment. The docket does not indicate any response by movant. However, in a "memorandum motion" filed on April 14, 2014, movant states that he responded on December 14, 2013 to the government's motion for a time extension to respond to the amended § 2255 motion, and that on December 23, 2013 he "submitted a motion to respond to government's motion to dismiss and/or for summary judgment. . . ." ECF No. 48 at 3. As noted, the case docket reflects no court filings from movant during this period. As to the response to respondent's motion for an extension of time, movant appears to have confused the date. The docket does show that he filed a response regarding that request but did so on November 14, 2013, not a month later. See ECF No. 46.

    The apparent intent of movant's filing is to inform the court and respondent that he has

1

been transferred but cannot presently identify the institution where he has been sent. He asks the court to "hold any mail" regarding his case "until further notice." Id. at 1. The court construes this request as one for an extension of time to update the court and respondent as to his current address. Local Rule 183(b) requires that a party appearing pro se "keep the Court and opposing parties advised as to his or her current address." Once mail directed from the Clerk of the Court to the pro se [movant] is returned, the pro se party must notify the court and opposing parties of his current address within sixty-three (63) days or risk dismissal of his action for failure to prosecute. See id.

Movant appears to be making an effort to keep the court apprised of his movements even if he is unable at this time to provide his current address. Movant also evidently does not realize that his response to the government's motion to dismiss has never been filed. His declaration suggests that he may have provided this document directly to respondent without filing it with the court. Accordingly, respondent will be directed to provide a copy, if any, of movant's specific communication to the government in response to the motion to dismiss or, in the alternative, for summary judgment forthwith.

Accordingly, IT IS ORDERED that:

1. Respondent must, within seven (7) days, provide the court with a copy of movant's response, if any, to respondent's pending dispositive motion. Any such document may be filed as an attachment to a declaration of counsel explaining the circumstances of its receipt. If no such document has been received, respondent shall file a declaration so stating.

2. Construing movant's "memorandum motion" (ECF No. 48) as a request for an extension of time to submit an updated address, the request is granted. Movant shall provide his current address within ninety (90) days.

DATED: April 28, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2