UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff/Respondent,<br><br>　　v.<br><br>GUILLERMO CRUZ LOPEZ,<br><br>　　　　　Defendant/Petitioner. | No. 2:10-cr-0373 GEB AC<br><br>FINDINGS AND RECOMMENDATIONS |

Before the court are petitioner's amended motion for post-conviction relief under 28 U.S.C. § 2255, and respondent's motion to dismiss the § 2255 application. In the alternative to dismissal, respondent seeks summary judgment. For the reasons explained below, the undersigned recommends that the § 2255 motion be dismissed on statute of limitations grounds, and therefore does not reach the other issues presented.

## BACKGROUND

On August 26, 2010, petitioner was indicted on charges of (1) conspiracy to manufacture at least 1,000 marijuana plants, in violation of 21 U.S.C. §§ 846 and 841(a)(1); (2) manufacture of at least 1,000 marijuana plants, in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm in furtherance of a drug trafficking operation, in violation of 18 U.S.C. § 924(c)(1)(A)(i). ECF No. 1. Petitioner was arraigned on the charges on September 14, 2010, and not guilty pleas were entered. On September 29, 2010, CJA counsel Gilbert A. Roque was substituted for the

1  Assistant Federal Defender who had represented petitioner at his initial appearance. ECF No. 9.
2  A change of plea hearing was held on February 11, 2011. Pursuant to a conditional plea
3  agreement under Rule 11(c)(1)(C), ECF No. 19, petitioner pled guilty to Count One. On April
4  29, 2011, petitioner was sentenced to 120 months imprisonment followed by 60 months
5  supervised release. ECF No. 25. The judgment and commitment order was signed on May 11,
6  2011. ECF No. 26. Petitioner did not appeal.

7  On June 24, 2013, the court docketed a Motion to Vacate, Set Aside or Correct Sentence
8  under 28 U.S.C. § 2255. ECF No. 30.[1] On July 11, 2013, respondent was ordered to answer.
9  ECF No. 33. On August 5, 2013, petitioner filed a "Motion to Respond To United States
10 Magistrate Judge Allison Claire's Order," which was docketed as a Response/Statement. ECF
11 No. 36. This document recites factual allegations related to the underlying criminal case and
12 petitioner's claims for relief. Id. On August 2, 2013, respondent filed a motion for: (1) "a
13 comprehensible and intelligible statement of defendant's § 2255 claims," (2) an extension of time
14 to respond to the §2255 petition, (3) leave to take discovery, and (4) an order declaring the
15 attorney-client privilege waived by petitioner's allegations of ineffective assistance. ECF No. 37.
16 On August 20, 2013, the court directed petitioner to file an amended petition containing all his
17 claims, and set a new schedule, but otherwise denied respondent's motion. ECF No. 39.

18 On September 19, 2013, petitioner filed a document that is captioned "Motion to Respond
19 Judge's Order As Traverse" and that was docketed as an Amended Motion to Vacate, Set Aside
20 or Correct Sentence Under 28 U.S.C. § 2255. ECF No. 40. This document states facts related to
21 petitioner's claims, but does not comprehensively present all petitioner's factual allegations and
22 grounds for relief.

23 On October 2, 2013, respondent sought an extension of time to answer the "amended §
24 2255 motion," and renewed the government's requests for discovery and an order finding waiver
25 of attorney-client privilege. ECF No. 41. The request for an extension of time was granted, and
26 the requests for discovery and an order regarding waiver of privilege were denied as premature.

---

[1] The proof of service supports a constructive filing date of June 20, 2013 under the "mailbox rule" announced in Houston v. Lack, 487 U.S. 266, 276 (1988). See id. at 13.

ECF No. 45.

On December 5, 2013, respondent filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 47. Respondent again renewed its requests for discovery and an order finding waiver of attorney-client privilege. Id. Petitioner filed an opposition to the motion to dismiss. ECF No. 56. The government did not reply.

## MOTION TO DISMISS

The government moves to dismiss the petition as untimely and as barred by the plea agreement's waiver of collateral attack. ECF No. 47. The government further argues that petitioner's claims are all meritless, and seeks their summary denial. Id. Because the petition must be dismissed on statute of limitations grounds, the court need address no other issues.

A one-year period of limitation applies to a § 2255 petition. 28 U.S.C. § 2255(f). "The limitation period shall run from . . . the date on which the judgment of conviction becomes final." § 2255(f)(1). Where, as here, a criminal defendant does not appeal, the conviction becomes final at the expiration of the time during which he could have appealed. United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Petitioner had ten days to appeal following entry of judgment. Rule 4, Fed. R. App. P. Judgment was entered against petitioner on May 11, 2011, ECF No. 25, so his time to appeal expired on May 21, 2011. Petitioner's time to file a § 2255 motion expired one year later on May 21, 2012. The initial § 2255 petition was filed on June 24, 2013, over a year late.

Because petitioner filed outside the limitations period, he may only proceed if he can demonstrate entitlement to equitable tolling. United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004) (statute of limitations under § 2255 is subject to equitable tolling). A habeas petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. See Holland v. Florida, 560 U.S. 631 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).[2] An "extraordinary circumstance" has been defined as an external force that is beyond the

---

[2] The standards developed in the context of 28 U.S.C. § 2254, governing the habeas petitions of state prisoners, apply equally in the § 2255 context. Battles, 362 at 1196-97.

inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  See Holland, 560 U.S. at 2565; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

In his opposition to the motion to dismiss, petitioner expressly invokes equitable tolling. See ECF No. 56 at 3 ("The Court has jurisdiction to grant an untimely motion of post conviction relief under extra-ordinary circumstances (EQUITABLE TOLL) which are beyond a petitioner's control.").  However, the facts asserted in support of equitable tolling are limited to the circumstances that petitioner experienced during his period of pretrial detention.  Petitioner complains that he was deprived of Spanish-language legal materials in the detention center where he was held during his trial.  Id.  He complains that "non-English speaking federal inmates are in limbo who plead guilty without knowing the nature of the accusations against them by the prosecutors."  Id.  He explains that the language barrier and lack of Spanish-language resources prevented him from understanding the nature and consequences of his plea, and he attempts to link these facts regarding his conditions of pre-trial confinement to his allegations of ineffective assistance of counsel, district court error, and the involuntariness of his plea.  Id. at 3-5.

A monolingual Spanish-speaker's lack of access to Spanish-language legal information and assistance can, in appropriate circumstances and where other requirements are met, support equitable tolling.  See Mendoza v. Carey, 449 F.3dr 1065 (9th Cir. 2006).  However, it remains petitioner's burden to demonstrate (1) that the extraordinary circumstances prevented timely filing, and (2) that he acted diligently in attempting to pursue relief.  See Pace v. DiGuglielmo, 544 U.S. 408 (2005).  Petitioner must show that the asserted extraordinary circumstances were the *cause* of his untimeliness.  Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003).  The circumstances that petitioner here identifies as extraordinary cannot have caused his untimeliness, because they preceded it entirely.  Petitioner proffers no facts regarding his post-conviction diligence or the circumstances relevant to his ability to file during the limitations period.

The "threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).  Petitioner "bears the burden of showing that this extraordinary

exclusion should apply to him." Id.  Because petitioner has not met that burden here, his § 2255 petition must be dismissed as untimely.

## CONCLUSION

For the reasons explained above, it is IT IS RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 47, be GRANTED; and
2. Petitioner's motion under 28 U.S.C. § 2255, ECF Nos. 30 & 40, be DISSMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 22, 2014

<u>/s/ Allison Claire</u>
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE